IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JULIE WHITE,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> )     No. 07-2319-CM <br> ) <br> **THE GRACELAND COLLEGE CENTER** ) <br> **FOR PROFESSIONAL DEVELOPMENT &** ) <br> **LIFELONG LEARNING, INC. d/b/a** ) <br> **SKILLPATH SEMINARS, INC.,** ) <br> **SHARON WILKENS, LAUREN EZELL,** ) <br> **and PATTI HOVLAND-SAUNDERS,** ) <br> ) <br> **Defendants.** ) <br> ) | |

## MEMORANDUM AND ORDER

Plaintiff Julie White brings this action against defendants The Graceland College Center for Professional Development and Lifelong Learning, Inc., d/b/a Skillpath Seminars, Sharon Wilkens, Lauren Ezell, and Patti Hovland-Saunders. The case is before the court on plaintiff's Motion to Remand (Doc. 7), defendants' Partial Motion to Dismiss (Doc. 4), and plaintiff's Motion to Strike (Doc. 11).

**I.      Background**

Plaintiff filed this case in the District Court of Johnson County Kansas, alleging that defendants terminated plaintiff's employment in violation of the Family and Medical Leave Act ("FMLA") and public policy of the State of Kansas—creating a "state law wrongful discharge" claim.  Additionally, plaintiff alleges that defendants Wilkens, Ezell, and Hovland-Sanders civilly conspired to terminate plaintiff to deny her rights under the FMLA and out of retaliation for the

exercise of FMLA rights.

## II.     Motion to Remand

The court first addresses plaintiff's motion to remand.  *See Scherer v. Merck & Co., Inc.*, 241 F. App'x 482, 484 (10th Cir. 2007) ("We have previously noted that the better practice is for a district court not to dispose of pending motions in connection with a remand order, but instead to remand with the motions pending."). Plaintiff argues that the court should use its discretion on whether to exercise supplemental jurisdiction over novel and complex issues of state law. According to plaintiff, because her state law claims involve novel and complex issues of state law, this court should remand her state law claims back to the Johnson County District Court.  Defendants respond that the exercise of supplemental jurisdiction over plaintiff's state law claims is appropriate because the state law claims do not involve novel or complex issues of state law, all of plaintiff's claims involve "a common nucleus of fact," and remanding the state law claims would hinder judicial economy.  Plaintiff replies by reiterating her argument that novel and complex state law issues are present, and asserting that comity supports remand of her state law claims.

Determining whether this court's exercise of supplemental jurisdiction is appropriate invokes a two-step analysis. *Busey v. Bd. of County Comm'rs*, 163 F. Supp. 2d 1291, 1294 (D. Kan. 2001). First, the court analyzes whether supplemental jurisdiction exists over the claims in question. Second, if such jurisdiction exists, the court analyzes whether it should exercise such jurisdiction. *Id.*

Regarding the first step in the analysis, federal district courts have supplemental jurisdiction over state law claims that are part of the "same case or controversy" as federal claims.  28 U.S.C. § 1367(a). Supplemental jurisdiction exists over claims that share common facts with claims under the

FMLA. *See Wessel v. Enersys, Inc.*, No. 03-4089-SAC, 2005 WL 476371, at *7 (D. Kan. Feb. 17, 2005) ("[B]ecause the court is already familiar with the record from its examination of the FMLA claims, the court will exercise supplemental jurisdiction and consider plaintiff's state law claim.").

Plaintiff's FMLA claim is a federal one, giving this court subject matter jurisdiction over the claim under 28 U.S.C. § 1331. Plaintiff's "state law wrongful discharge claim" and "civil conspiracy" claim share identical facts with the FMLA claim. Thus, supplemental jurisdiction exists over plaintiff's state law claims.

Whether this court should exercise supplemental jurisdiction is discretionary. Section 1367 provides that a district court "may decline to exercise supplemental jurisdiction . . . if":

> (1) the claim raises a novel or complex issue of State law[;] (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction[;] (3) the district court has dismissed all claims over which it has original jurisdiction[;] or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

The court will exercise supplemental jurisdiction over plaintiff's claims. Plaintiff's arguments that there are novel and complex state issues, and that the present situation is unique, are unconvincing. As addressed later in this opinion, the state issues are resolvable with established precedent. The court additionally notes that the state law claims do not substantially predominate over the FMLA claim, over which this court retains original jurisdiction.

Plaintiff also argues that the state law claims should be remanded by referencing 28 U.S.C. § 1441(c). This district has noted that "once a court has found it prudent to exercise supplemental jurisdiction over a state claim pursuant to § 1367(a) . . . it seems paradoxical to find that same claim 'separate and independent' pursuant to § 1441(c)." *Busey*, 163 F. Supp. 2d at 1296 (providing numerous citations for the statement, "many courts have concluded that when considering state

-3-

claims removed to federal court the two sections are mutually exclusive."). Moreover, this district explicitly has avoided the application of § 1441(c) to separate related state law claims and FMLA claims. *See Holden v. Goodyear Tire & Rubber Co.*, No. 98-4212-RDR, 1999 WL 280417, at *1 (D. Kan. Apr. 29, 1999) ("[T]he state law claims do not appear to be "separate and independent" from the FMLA claim and, therefore, do not qualify for discretionary remand under § 1441(c)."). Having resolved that supplemental jurisdiction is appropriate over plaintiff's state law claims, the court finds that plaintiff's reference to § 1441(c) does not change that analysis. Plaintiff's Motion to Remand (Doc. 7) is denied.

### III.    Motion to Strike

Next, the court addresses the Motion to Strike (Doc. 11). Plaintiff requests that the court either strike and disregard a portion of defendants' reply memorandum because it raises new arguments and authorities, or alternatively allow plaintiff to file a surreply to address the new arguments. Defendants respond that the court should not strike the disputed portion of the reply memorandum, arguing that the argument was either previously raised or a response to plaintiff's memorandum in opposition.

This court will strike new arguments that appear in reply briefs to avoid a situation where an "opposing party has not had an opportunity to address the issues." *Boilermaker-Blacksmith Nat'l Pension Fund v. Gendron*, 67 F. Supp. 2d 1250, 1257 n.4 (D. Kan. 1999) (citing *Martin v. Kansas*, 996 F. Supp. 1282, 1295 (D. Kan. 1998)). Plaintiff's request does not fit in that category. In the Memorandum Supporting Defendants' Partial Motion to Dismiss, defendants state, "a denial of medical leave is not a public policy recognized by Kansas courts." Plaintiff quotes this statement and notes that beyond this statement, defendants "fail to argue the public policy issue." Plaintiff then devotes a lengthy argument to Kansas public policy that concludes by urging the court to reject

-4-

"Defendants' argument that a prohibition against FMLA retaliation is not a recognized public policy in the State of Kansas." The disputed portion of defendants' reply memorandum is titled, "The FMLA's Provisions Do Not Constitute Public Policy Sufficient to Support a Wrongful Discharge Claim."

The court finds that this section does not raise a new argument. Plaintiff had an opportunity to address this issue, and did so at length. Defendants' reply appropriately countered plaintiff's argument. Thus, plaintiff's Motion to Strike (Doc. 11) is denied. Because plaintiff's filings address the disputed issue, the court also denies plaintiff's request for leave to file a surreply.

**IV.     Partial Motion to Dismiss**

**A.     Judgment Standard**

Defendants argue that plaintiff's state law claims should be dismissed under Federal Rule of Civil Procedure 12(b)(6). This court will grant a Rule 12(b)(6) motion to dismiss only when the factual allegations fail to "state a claim to relief that is plausible on its face . . . or when an issue of law is dispositive." *Meyer v. Christie*, No. 07-2230-JWL, 2007 WL 3120695, at *4 (D. Kan. Oct. 24, 2007) (citing *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007); *Neitzke v. Williams*, 490 U.S. 319, 326 (1989)). "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984). The court construes any reasonable inferences from these facts in favor of plaintiff. *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006). The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982).

**B.     Arguments and Analysis**

Plaintiff brings her wrongful discharge claim and her civil conspiracy claim under Kansas common law. Defendants argue that plaintiff's claims should be dismissed because: (1) FMLA provides an adequate remedy for an alleged wrongful discharge; and (2) that the relevant statute of limitations bars plaintiff's wrongful discharge claim and her civil conspiracy claim. Plaintiff responds that the FMLA's remedy is inadequate because it does not allow punitive damages or damages for emotional distress. To support this argument, plaintiff relies extensively on the Kansas Supreme Court's decision in *Hysten v. Burlington N. Santa Fe Ry. Co.*, 108 P.3d 437 (Kan. 2004), and the argument that prohibiting retaliation for the exercise of rights under the FMLA is an important public policy of Kansas. Plaintiff also contends that her state law claims should be governed by the three-year statute of limitations under the FMLA.[1]

**1.  Wrongful Discharge**

This court recently addressed whether the FMLA provides an adequate remedy sufficient to prevent a plaintiff from bringing a common law wrongful discharge claim. *Deffenbaugh v. Winco Fireworks Int'l, LLC*, No. 06-2516-CM, 2007 WL 2729428, at *1–*2 (D. Kan. Sept. 18, 2007). In *Deffenbaugh*, this court began the analysis by noting that, "The Tenth Circuit has expressly held that a plaintiff may not bring a common law retaliatory discharge claim under the public policy exception to Kansas' employment-at-will doctrine when there is an adequate statutory remedy." *Id.* (citing *Conner v. Schnuck Mkts., Inc.*, 121 F.3d 1390, 1399 (10th Cir. 1997)). This court also explained that the Kansas Supreme Court's decision in *Hysten* did not change that conclusion because it was

---

[1] Alternatively, plaintiff requests time to conduct discovery to support a claim of fraudulent concealment, which would allow her to file the claim after the expiration of the statute of limitations. Plaintiff notes that this assertion is not presently a claim in this case, but "requests that she be allowed to file an Amended Complaint setting forth Defendants' fraud." A response memorandum to a motion to dismiss is not the appropriate forum for such a request. If plaintiff believes that a fraudulent concealment claim is appropriate, plaintiff may file a motion to amend her complaint. *See* D. Kan. R. 15.1.

-6-

distinguishable:

> In *Hysten*, the Kansas Supreme Court held that the absence of compensatory and punitive damages contributed to an inadequate remedy because those damages deterred violations. The federal statute at issue in this case also deters violations. The reasons the Kansas court found the federal statute in *Hysen* inadequate are not present here—the adjudication process under the common law and the FMLA is the same; plaintiff can maintain the same control under both claims; and both claims provide for damages to deter violations.

*Id.* This court also listed several other decisions from this District that found that the FMLA provides an adequate remedy for a common law claim of retaliation for FMLA violations. Thus, as it did in *Deffenbaugh*, the court finds that plaintiff has an adequate remedy under the FMLA.

The Kansas Supreme Court has held that where an adequate statutory remedy already exists, a common law retaliatory discharge claim is precluded. *Goodman v. Wesley Med. Ctr., L.L.C.*, 78 P.3d 817, 824 (Kan. 2003). Because this court found that plaintiff has an adequate remedy under the FMLA, plaintiff cannot bring a common law wrongful discharge claim based on retaliation for exercise of FMLA rights. Defendants' motion to dismiss is granted on this issue. In light of this conclusion, the court need not address the parties' public policy arguments as they relate to the wrongful discharge claim.

**2.     Civil Conspiracy**

While the court notes that defendant has argued that the statute of limitations bars plaintiff's civil conspiracy claim, the court is unsure that such analysis of state law is presently necessary. A similar context required submission of certified questions to the Kansas Supreme Court. *See Burnett v. Sw. Bell Tel., L.P.*, No. 05-2515-KHV, 2006 WL 1675918, at *3 (D. Kan. June 14, 2006) (certifying to the Kansas Supreme Court the question, "With respect to plaintiff's claim that defendant terminated her employment to prevent her from obtaining long-term disability benefits under ERISA, what is the applicable statute of limitations?").

Under Kansas law, "for civil conspiracy to lie, the claim must base itself on a valid, actionable underlying tort." *Meyer Land & Cattle Co. v. Lincoln County Conserv. Dist.*, 31 P.3d 970, 977 (Kan. Ct. App. 2001); *see also Meyer v. Christie*, No. 07-2230-JWL, 2007 WL 3120695, at *6 (D. Kan. Oct. 24, 2007) ("This court has carefully considered this issue previously and has predicted that the Kansas Supreme Court would require that a civil conspiracy claim be predicated on a valid, actionable underlying tort . . . ."). In light of the court's determination that plaintiff is precluded from bringing a wrongful discharge claim, it appears that there is not an actionable underlying tort on which to rest a civil conspiracy claim for wrongful discharge. However, because defendant only applied a similar argument in the context of statutes of limitations, the court does not make this conclusion at this time.

Plaintiff also bases her civil conspiracy claim on the denial of her rights under the FMLA. Defendants have argued that the statute of limitations for a civil conspiracy claim depends on the statute of limitations for the underlying wrongful act, and do not presently argue that the FMLA statute of limitations has expired. Although defendants' reply brief summarizes that a statutorily-created claim cannot serve as the basis for a civil conspiracy claim, as noted previously, this court will strike new arguments that appear in reply briefs to avoid a situation where an "opposing party has not had an opportunity to address the issues." *Boilermaker-Blacksmith Nat'l Pension Fund*, 67 F. Supp. 2d at 1257 n.4. Thus, whether a civil conspiracy can be based on a violation of the FMLA is not presently briefed.

Without additional briefing, the court is not presently able to make a determination of whether plaintiff has failed to state a claim for civil conspiracy for wrongful discharge or for violation of the FMLA. Defendants' motion to dismiss is denied on this issue.

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Remand (Doc. 7) is denied.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Strike (Doc. 11) is denied.

**IT IS FURTHER ORDERED** that defendants' Partial Motion to Dismiss (Doc. 4) is granted in part and denied in part.

Dated this 22nd day of January, 2008, at Kansas City, Kansas.

> **s/ Carlos Murguia**
> **CARLOS MURGUIA**
> **United States District Judge**