**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

JULIE WHITE,

       Plaintiff,                                            CIVIL ACTION

v.                                                                 No. 07-2319-CM-GLR

THE GRACELAND COLLEGE CENTER
FOR PROFESSIONALDEVELOPMENT
& LIFELONG LEARNING, INC., d/b/a
SKILLPATH SEMINARS, et al.,

       Defendants.

**MEMORANDUM AND ORDER**

       The Court has before it Defendants' Motion for Protective Order With Supporting Memorandum (doc. 27). Pursuant to Fed. R. Civ. P. 26(c), Defendants seek a protective order limiting the disclosure of confidential information produced during discovery of this case, as well as documents and information produced in connection with an earlier case filed in the District Court of Johnson County, Kansas styled, *The Greenwood College Center for Professional Development and Lifelong Learning Inc., d/b/a/ SkillPath Seminars v. Bennett*, Case No. 05-CV-03845 ("*Bennett* case").

       Plaintiff does not oppose the entry of a protective order. She does oppose, however, the breadth of the protective order proposed by Defendants. She specifically opposes the generalized protection it would accord to all documents that were produced subject to a protective order entered in the *Bennett* case. In that action, SkillPath Seminars, who is a defendant in this action, brought suit against a former employee, Julie Bennett, based upon her alleged violation of a non-compete agreement. Counsel for Ms. Bennett is the same counsel who now represents Plaintiff White in the present action. Plaintiff White alleges that Defendants terminated Plaintiff's employment in

violation of the Family Medical Leave Act ("FMLA") and public policy of the State of Kansas, and civilly conspired to terminate her employment in retaliation for her exercise of her FMLA rights.

Plaintiff specifically objects to the following provision that Defendants seek to include in the protective order for this case:

> Furthermore, discovery in this case will encompass documents and information produced to Plaintiff's counsel in connection with *The Greenwood College Center for Professional Development and Lifelong Learning Inc., d/b/a/ SkillPath Seminars v. Bennett,* Case No. 05-CV-03845, all of which was subject to Protective Orders, entered by the District Court of Johnson County, Kansas.

Plaintiff also objects to a similar provision that would include documents and information as part of the "Confidential Information" that would be subject to protection. Defendants propose to add the following footnote, to which Plaintiff further objects:

> Pursuant to the order of the District of Johnson County, Kansas, all depositions e-mails, letters, or other internal communications, personnel records, and internal policies produced in the *Bennett* case are considered and must be treated as Confidential, regardless of their previous designation under the Protective Orders. All other documents produced in the *Bennett* case retain their designations as Attorneys' Eyes Only or Confidential under the Protective Orders.

Plaintiff agrees that the discovery in this case will include some or all of the same documents and information as in the *Bennett* case. Accordingly, the Court here will include in the protective order the first above proposed paragraph. As the moving party, however, Defendants have not carried their burden to show the need for extending the reach of a protective order to all documents that have been produced in another case. The proposed footnote would extend the protective order to items for which Defendants have here demonstrated no need for protection. To the extent such

documents are covered by the protective order(s) entered in the *Bennett* case, however, the parties should treat them as similarly protected in this action.

The proposed protective order would include a procedure for designating deposition testimony as confidential. In paragraph number 3, Plaintiff would add a requirement to identify the protected testimony as follows: "... such designation to be made by specifically indicating the pages and links of the transcript which the party claims constitutes 'Confidential Information'." Defendants do not object to the proposed language. The Court will include it.

The section entitled "Return of Confidential Information" of Defendants' proposed protective order provides a broad requirement for returning upon request "all documents containing Confidential Information" to the designating or producing party upon the final determination of the action. Plaintiff objects to extending this duty of return to "all notes, copies, abstracts, excerpts, memoranda, or other parts." The Court will extend the protection to and require the return of "copies," "abstracts," "excerpts," and "other parts," but not "notes" or "memoranda." The phrase "all documents containing Confidential Information," to which plaintiff does not object, adequately comprehends all such information contained in any document, and requires its return, both as to the original and as to any copies. The inclusion of "copies," "abstracts," "excerpts," and "other parts" may be redundant, but not offensive. The reference to "notes" and "memoranda" goes beyond any demonstrated need for protection.

In addition to the parties' identified disputed sections of the protective order discussed above, the Court *sua sponte* makes the following additional modifications to the proposed protective order:

(1) Removal of the language "but not limited to" in the listing of categories of discovery

covered by the protective order.[1]

(2) Deletion of the section ordering non-parties to agree to subject themselves to the jurisdiction of the court.[2]

(3) Removal of the word "indefinitely" from the paragraph setting forth the Court's power to enforce and modify the Order in the future.

**IT IS THEREFORE ORDERED THAT** Defendants' Motion for Protective Order (doc. 27) is sustained in part and overruled in part, as herein set forth. The Court will enter a separate Protective Order, consistent with this Memorandum and Order.

Dated in Kansas City, Kansas on this 14th day of February, 2008.

s/ Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge

---

[1] *See* Guideline No. 2 of Guidelines for Agreed Protective Orders for the District of Kansas (the protective order should include a sufficiently narrow identification of the categories of documents, information, items or materials that are subject to the protective order), available at www.ksd.uscourts.gov.

[2] *See* Guideline No. 4 ("The court cannot order a non-party to abide by the terms of a protective order or to consent to jurisdiction.").