## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JULIE WHITE,

    Plaintiff,

v.               CIVIL ACTION

THE GRACELAND COLLEGE    No. 07-2319-CM-GLR
CENTER FOR PROFESSIONAL
DEVELOPMENT & LIFELONG
LEARNING, INC., d/b/a SKILLPATH
SEMINARS, et al.,

    Defendants.

## MEMORANDUM AND ORDER

   Plaintiff brings this action, alleging that Defendants terminated her employment in violation of the Family Medical Leave Act ("FMLA") and public policy of the State of Kansas and as part of a civil conspiracy in retaliation for her exercising her FMLA rights.  This matter is before the Court on Plaintiff's Motion for Leave to Join Robb Garr as Defendant on Plaintiff's FMLA and Civil Conspiracy Claims (doc. 24).  Plaintiff requests that she be permitted to add Robb Garr, the President or Vice President of Defendant Skillpath at the time of her termination, as a Defendant, pursuant to Fed. R. Civ. P. 15(a), 20(a), and 21.  Defendants oppose the motion on grounds the proposed amendment is futile.  They contend that the FMLA and common law conspiracy counts against Mr. Garr fail to state a claim upon which relief may be granted because the claims are barred by the applicable statute of limitations.  As set forth below, the motion is denied.

## I.  Permissive Joinder

   Federal Rule of Civil Procedure 20(a)(2) allows permissive joinder of a defendant if:

   (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of

transactions or occurrences; and  (B) any question of law or fact common to all defendants will arise in the action.[1]

The rule thus sets out a two-part test for permissive joinder of a defendant.  First, the court must determine whether any right to relief is asserted against both the existing and prospective defendants that arises out of the same transaction, occurrence, or series of transactions or occurrences.  If that requirement is met, the court must determine whether any question of law or fact common to all defendants will arise in the action.

Plaintiff contends that her FMLA and civil conspiracy claims arise out of Defendants' termination of her employment and the facts and questions of law with respect to the termination are common to all Defendants and Mr. Garr.  She seeks to assert these claim against Mr. Garr in his individual capacity, inasmuch as he was the President or Vice President of Skillpath Seminars when her employment terminated.  She alleges that Mr. Garr approved, was involved in, and made the decision for the termination of her employment.

Plaintiff's proposed right to relief against Mr. Garr arises out of the same transaction or occurrence as the FMLA and civil conspiracy claims against the other Defendants.  It also includes common questions of law or fact with regard to the termination of Plaintiff's employment.  Consequently, the Court finds that joinder of Mr. Garr would be appropriate under Rule 20(a).

## II.    Futility of Amendment

In addition to evaluating joinder under Rule 20, the Court must also determine whether

---

[1]Fed. R. Civ. P. 20(a)(2)(A)-(B) (as amended effective Dec. 1, 2007).

2

Plaintiff may amend her pleadings to include additional parties under Rule 15(a).[2]  Rule 20(a) governs the propriety of joinder.  Rule 15(a) governs the amendment of pleadings before trial.

Rule 15(a) provides that, after the time for amending the pleadings as a matter of course has passed, a party may amend its pleadings "only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."[3]  The decision whether to allow a proposed amendment after the permissive period is within the discretion of the court.[4] "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[5]

"A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."[6]  A court may deny a motion to amend as futile, if the proposed amendment would not withstand a motion to dismiss or if it fails to state a claim upon which relief may be granted.[7]  In

---

[2]*See Johnson v. United States*, No. 05-4036-JAR, 2005 WL 3470343 (D. Kan. Dec. 19, 2005) (analyzing motion to add additional parties under both Rule 20 and Rule 15(a));  *Palka v. Theodore M. Hylwa, M.D., Inc.*, Civ. A. No. 85-2480, 1986 WL 22380, at *4 (D. Kan. Sept. 3, 1986) (analyzing motion to amend and add parties by first addressing propriety of joinder of additional parties and then addressing whether plaintiff should be allowed to amend to add the parties under Rule 15(a)).

[3]Fed. R. Civ. P. 15(a)(2).

[4]*Woolsey v. Marion Labs., Inc.,* 934 F.2d 1452, 1462 (10th Cir. 1991).

[5]*Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (citing *Castleglen, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993)).

[6]*Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004).

[7]*Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992); *Stewart v. Bd. of Comm'rs for Shawnee County, Kan.*, 216 F.R.D. 662, 664 (D. Kan. 2003); *Lyle v. Commodity Credit Corp.*, 898 F. Supp. 808, 810 (D. Kan. 1995).

order to determine whether a proposed amendment is futile, the court must analyze the proposed amendment as if it were before the court on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[8]

The court will dismiss for failure to state a claim only when "it appears beyond a doubt that the [party] can prove no set of facts in support of his claims which would entitle him to relief,"[9] or when an issue of law is dispositive.[10]  The court accepts as true all well-pleaded facts, as distinguished from conclusory allegations, and all reasonable inferences from those facts are viewed in favor of the claimant.[11]  The issue in resolving a motion such as this is "not whether the claimant will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims."[12]

Defendants argue that Plaintiff cannot state a claim against Mr. Garr under either the FMLA or for common law conspiracy.  They contend that Plaintiff's proposed claims against Mr. Garr are time barred under the applicable statutes of limitations.  They further argue that Plaintiff fails to cite any binding authority to show that Mr. Garr can be held personally liable under the FMLA.  They maintain that Mr. Garr did not make or otherwise participate in the decision to terminate her employment and he has no involvement with administering the FMLA policy of the company.  He was not responsible for maintaining the policy, consulting with employees regarding FMLA leave, or otherwise making decisions related to employees requests for leave under the FMLA.

---

[8]*Sheldon v. Vermonty,* 204 F.R.D. 679, 682 (D. Kan. 2001).

[9]*Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).

[10]*Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

[11]*Smith v. Plati,* 258 F.3d 1167, 1174 (10th Cir. 2001).

[12]*Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 511 (2002).

4

Defendants thus ask the Court to deny the motion because the proposed joinder of Mr. Garr as defendant on Plaintiff's claims for FMLA and civil conspiracy would be futile.

### A.    FMLA claim

Defendants maintain that Plaintiff cannot assert a FMLA claim against Mr. Garr in his individual capacity because the claim is barred under either the two-year limitations period prescribed in 29 U.S.C. § 2617(c)(1) or three-year period for willful violations prescribed in 29 U.S.C. § 2617(c)(2).  The Court agrees.  An action under the FMLA must be brought "not later than 2 years after the date of the last event constituting the alleged violation" or within "3 years" of an alleged "willful violation."[13]  A plaintiff is accorded a two-year period to file a FMLA claim after the alleged violation occurred.[14]  The time extends to three years, if plaintiff can show a willful violation.[15]  Plaintiff's employment was terminated on July 16, 2004.   Plaintiff did not attempt to assert a claim under the FMLA against Mr. Garr until December 1, 2007, when she filed her Motion to Join Mr. Garr as a Defendant to her FMLA claim, over three years after her employment was terminated.  Furthermore, Plaintiff has not argued or shown that the relation back doctrine should apply here.  The Court finds that the proposed FMLA claim against Mr. Garr is thus time-barred under either 29 U.S.C. § 2617(c)(1) and (2).  As the proposed FMLA claim against Mr. Garr is time-barred, the Court denies as futile Plaintiff's motion for leave to add Mr. Garr.

### B.    Civil conspiracy claim

Defendants also oppose granting Plaintiff leave to assert a civil conspiracy claim against Mr.

---

[13]29 U.S.C. § 2617(c)(1), (2).

[14]29 U.S.C. § 2617(c)(1).

[15]29 U.S.C. § 2617(c)(2).

Garr on the grounds that the claim is time-barred.  Defendants assert that the wrongful discharge claim constitutes the underlying tort on which Plaintiff bases her civil conspiracy claim.  They urge the Court to apply the two-year limitations period, set forth in K.S.A. 60-513(a)(4), to her proposed civil conspiracy claim against Mr. Garr.

Under Kansas law, "for civil conspiracy to lie, the claim must base itself on a valid, actionable underlying tort."[16]  In *Meyer Land & Cattle Co. v. Lincoln County Conservation District*,[17] the Kansas Court of Appeals affirmed dismissal of a civil conspiracy count, based upon the statute of limitations for the underlying tort of defamation.  The court found that the civil conspiracy count was subject to the underlying tort's statute of limitations.[18]  The court relied upon cases from other jurisdictions, holding that "where the underlying tort is time barred, the claim for civil conspiracy is likewise subject to the same limitations period and is likewise subject to the same limitations period and is therefore also barred."[19]

Since Plaintiff filed her motion for leave to leave to join Robb Garr, her common law claim for wrongful discharge based on retaliation for exercise of FMLA rights has been dismissed.  By Memorandum and Order dated January 22, 2008 (doc. 42),[20] District Judge Murguia granted in part

---

[16]*Meyer Land & Cattle Co. v. Lincoln County Conserv. Dist.*,  29 Kan. App. 2d 746, 753, 31 P.3d 970, 976 (2001); *see also Meyer v. Christie*, No. 07-2230-JWL, 2007 WL 3120695, at *6 (D. Kan. Oct. 24, 2007) ("This court has carefully considered this issue previously and has predicted that the Kansas Supreme Court would require that a civil conspiracy claim be predicated on a valid, actionable underlying tort . . . .").

[17]29 Kan. App. 2d at 755, 31 P.3d at 977.

[18]*Id.* at 754-55, 31 P.3d at 977.

[19]*Id.* at 754, 31 P.3d at 976.

[20]*White v. The Graceland Coll. Ctr. for Prof'l Dev. & Lifelong Learning, Inc.*, Civ. A. No. 07-2319-CM, 2008 WL 191422 (D. Kan. Jan. 22, 2008).

and denied in part Defendant's partial motion to dismiss.  The ruling dismissed Plaintiff's common law wrongful discharge claim based on retaliation for exercise of FMLA rights.[21]  The court was not able to determine whether Plaintiff had failed to state a claim for civil conspiracy for wrongful discharge or for violation of the FMLA.[22]  The court noted that its determination that Plaintiff was precluded from bringing a wrongful discharge claim made it appear there was no actionable underlying tort on which to rest a civil conspiracy claim for wrongful discharge.[23]

In light of this ruling, it appears the only remaining basis for a civil conspiracy claim against Mr. Garr is the alleged denial of Plaintiff's rights under the FMLA.  Assuming Plaintiff can base a civil conspiracy claim on denial of her rights under the FMLA, the Court finds that it would be futile to grant leave to add a claim for civil conspiracy against Mr. Garr because the underlying claim is time-barred.  As discussed above, an action under the FMLA must be brought "not later than 2 years after the date of the last event constituting the alleged violation" or within 3 years of an alleged "willful" violation.  Plaintiff did not attempt to assert any claim under the FMLA against Mr. Garr until December 1, 2007 when she filed her Motion to Join Mr. Garr as a Defendant, well over three years after her employment was terminated on July 16, 2004.  Plaintiff has neither argued nor shown that the relation back doctrine should apply.  Because the claim underlying Plaintiff's civil conspiracy claim is time-barred, her civil conspiracy claim is time-barred as well.  Accordingly, Plaintiff has failed to state a claim on which relief may be granted.  Any amendment adding Mr. Garr as a defendant to that claim would therefore be futile.

---

[21]*Id.* at *4.

[22]*Id.* at *5.

[23]*Id.* at *4.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion for Leave to Join Robb Garr as Defendant on Plaintiff's FMLA and Civil Conspiracy Claims (doc. 24) is denied, as set forth herein.

Dated in Kansas City, Kansas on this 21st day of February, 2008.

s/ Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge