### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

JULIE WHITE,

                Plaintiff,                CIVIL ACTION

v.                                              No. 07-2319-CM

THE GRACELAND COLLEGE
CENTER FOR PROFESSIONAL
DEVELOPMENT & LIFELONG
LEARNING, INC.,
d/b/a SKILLPATH SEMINARS,
et al.,

                Defendants.

## ORDER

This matter is presently before the Court on Plaintiff's Motion to Disclose Sealed Briefing to Mediator (doc. 175). Plaintiff requests that she and her counsel be granted leave to disclose sealed briefing on Plaintiff's Motion to Amend her Complaint (docs. 120-122, 139, 141, 155, 159, and 173) to the mediator in the parties' upcoming May 30, 2008 mediation. Defendants oppose the motion.

Plaintiff argues in support of her motion that limiting the information she can present to the mediator will not be conducive to reaching a settlement of this case. The Court has not yet ruled on her motion to amend her complaint and it should be considered by the mediator and Defendants in assessing the pros and cons of continuing the present litigation. Plaintiff does not believe Defendants or their counsel can show any prejudice by allowing the mediator to view the briefing placed under seal. She references D. Kan. Rule 16.3(i), which mandates that mediation statements and all information disclosed in the mediation are treated as "confidential information." Thus, everyone participating in the mediation, including the mediator, will be barred from disclosing

anything contained in the sealed briefing. In addition to Plaintiff believing full disclosure of the claims and issues involved in this case should be provided to the mediator, Plaintiff and her counsel are concerned that Defendants and their counsel may, during or after the mediation, claim that information or documents disclosed by Plaintiff or her counsel before or during the mediation were included in the sealed briefing and, thus, Plaintiff and her counsel have violated a Court order by disclosing it. For this reason, Plaintiff and her counsel request that the Court enter an Order clearly indicating whether Plaintiff and her counsel are allowed to disclose the sealed briefing, and/or any information or allegations contained therein, to the mediator.

Defendants oppose the motion. They argue that allowing Plaintiff to submit the sealed briefing on her motion to amend would circumvent the joint stipulation of the parties and this Court's Order. Defendants claim it would also thwart the purpose of filing documents under seal and protecting the underlying documents from disclosure and dissemination to individuals other than the Court, the parties, and counsel of record. They assert that Plaintiff's request to disclose the sealed briefing is meant to disparage Defendants and their counsel and that the disclosure of the sealed briefing to the mediator will prejudice them.

District of Kansas Rule 16.3 sets forth the purpose, procedures, and rules governing civil litigants' use of an alternative dispute resolution process. Subsection (a) sets forth the purpose of the mediation process: "The mediation process is intended to improve communication among the parties and provide the opportunity for greater litigant involvement in the earlier resolution of disputes, with the ultimate goal of securing the just, speedy and inexpensive disposition of civil cases."

Subsection (i) of D. Kan. Rule 16.3 addresses confidentiality of material and information


used during the mediation. It provides that:

> Except as provided in paragraph (j) below, this court, the mediator, all counsel, the parties, and any other persons involved in the mediation shall treat as "confidential information" the contents of written mediation statements, anything that happened or was said, any position taken, and any view of the merits of the case formed by any participant in connection with any mediation. "Confidential information" shall not be:
> (1) disclosed to anyone not involved in the mediation process;
> (2) disclosed to the trial judge; or
> (3) discoverable or subject to compulsory process or used for any purpose, except as provided in paragraph (j) below, in any pending or future proceeding in any court unless a court determines that such testimony or disclosure is necessary to:
>     (i)     prevent a manifest injustice,
>     (ii)    help establish a violation of law or ethical violation, or
>     (iii)   prevent harm to the public health or safety, of such magnitude in the particular case to outweigh the integrity of dispute resolution proceedings in general by reducing the confidence of parties in future cases that their communications will remain confidential.

In this case, the Court finds that the purpose of mediation would be better served by granting Plaintiff's Motion to Disclose Sealed Briefing to Mediator. District of Kansas Rule 16.3(a) contemplates that the purpose of the mediation process is to "improve communication." The Court finds this purpose is advanced by allowing the parties to disclose and discuss matters contained in the sealed briefing with the mediator. Prohibiting the disclosure of the matters contained in the sealed briefing would hinder open and forthright communication. From a practical standpoint, it would greatly complicate the parties' communication with the mediator if the party is required to make individual determinations on what information is prohibited from disclosure and what information could be disclosed. This would be especially cumbersome and counterproductive if any information contained in the sealed briefing is intertwined with the facts, claims, or defenses of the case.

The Court recognizes Defendants' concerns that the disclosure of the sealed briefing to the

mediator will prejudice them, but the Court is confident that the experienced mediator the parties have selected will be able to handle the allegations in the sealed briefing in a fair and unbiased manner.

Finally, the local rules provide for the confidential treatment of information exchanged during the mediation process. District of Kansas Rule 16.3(i) requires the mediator, in addition to counsel and the parties, to treat the information disclosed during the mediation as "confidential information" and prohibits its disclosure to anyone not involved in the mediation process, except for identified exceptions. In the parties' upcoming mediation, any disclosure of any information in the sealed briefing shall be treated by the mediator, the parties, counsel, and any other persons involved in the mediation as "confidential information," as set forth in D. Kan. Rule 16.3(i).

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion to Disclose Sealed Briefing to Mediator (doc. 175) is granted, subject to the confidentiality requirements of D. Kan. Rule 16.3(i).

Dated in Kansas City, Kansas on this 19th day of May, 2008.

s/ David J. Waxse  
David J. Waxse  
United States Magistrate Judge