### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

JULIE WHITE,

                Plaintiff,                 CIVIL ACTION

v.                                                       No. 07-2319-CM

THE GRACELAND COLLEGE
CENTER FOR PROFESSIONAL
DEVELOPMENT & LIFELONG
LEARNING, INC.,
d/b/a SKILLPATH SEMINARS,
et al.,

                Defendants.

### MEMORANDUM AND ORDER

This matter is presently before the Court on Plaintiff's Motion to Amend Complaint (doc. 120). Plaintiff requests leave to file her Second Amended Complaint.[1] She requests leave to amend her complaint to add factual allegations that Defendants have made fraudulent representations to the Court and attempted to influence the testimony of current and former employees for purpose of eliciting testimony that is consistent with their representations. She also seeks leave to amend to add a state law claim for fraud against Defendants, and to supplement her civil conspiracy claim with an allegation that Defendants conspired to terminate Plaintiff's employment in order to create a job opening for the personal friend of Defendant Hovland-Saunders.[2] Defendants oppose Plaintiff's motion on the grounds the proposed amendment is untimely, Plaintiff has failed to demonstrate good

---

[1] Although Plaintiff's proposed amended complaint attached to her motion is entitled "First Amended Complaint," it is actually Plaintiff's Second Amended Complaint as her First Amended Complaint is already on file. *See* doc. 138.

[2] In her reply brief, Plaintiff indicates that her request to supplement her conspiracy claim is moot.

cause for her failure to comply with the Court's Scheduling Order, and the proposed amendments are prejudicial.[3] As set forth below, the motion is denied as untimely and prejudicial to Defendants at this late stage of the case.

**I.    Background**

On or about June 14, 2007, Plaintiff filed a Petition in the District Court for Johnson County, Kansas, alleging that Defendants terminated Plaintiff's employment in violation of the Family Medical Leave Act ("FMLA") and public policy of the State of Kansas, and civilly conspired to terminate her employment in retaliation for her exercise of her FMLA rights. Defendants removed the action to this court on July 19, 2007. The Court held a Scheduling Conference on November 8, 2007 and entered the Scheduling Order, which set a December 3, 2007 deadline for the parties to file any motion for leave to join additional parties or to otherwise amend the pleadings.

On December 1, 2007, within the Scheduling Order deadline, Plaintiff filed a Motion for Leave to Join Party. The Court denied the motion on February 21, 2008.

On February 20, 2008, Plaintiff filed a Motion to Amend Complaint (doc. 63) to include a claim for punitive damages against Defendants. On March 5, 2008, Defendants filed their response brief opposing the motion. A week later on March 12, 2008, before her motion to amend to add punitive damages was fully briefed, Plaintiff filed the instant Motion to Amend Complaint (doc. 120).

The Pretrial Conference was held in the case on March 20, 2008. During the conference,

---

[3]The parties have stipulated to bifurcated briefing of the issues addressed in this motion and will only address Defendants' timeliness, good cause, and prejudice arguments. If the Court rules against Defendants, they will then file their brief regarding their futility argument against allowing the proposed amendment.

Magistrate Judge Gerald L. Rushfelt granted in part and denied in part Plaintiff's motion to amend to add a claim for punitive damages against Defendants. Plaintiff was granted leave to file her proposed First Amended Complaint, provided that she removed Count III, entitled State Law Wrongful Discharge, as that claim had been previously dismissed by District Judge Murguia. Plaintiff thereafter filed her First Amended Complaint (doc. 138) on March 25, 2008.

On May 15, 2008, Plaintiff's Motion to Amend Complaint was referred to this Magistrate Judge.

## II. Standard for Ruling on Motions to Amend

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial. It provides that, after the time for amending the pleadings as a matter of course has passed, a party may amend its pleadings "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."[4] The decision whether to allow a proposed amendment after the permissive period is within the discretion of the court.[5] "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[6] The court's decision to grant leave to amend a complaint, after the permissive period, is within the trial court's discretion and will not be disturbed absent an abuse of that discretion.[7]

---

[4] Fed. R. Civ. P. 15(a)(2).

[5] *Woolsey v. Marion Labs., Inc.,* 934 F.2d 1452, 1462 (10th Cir. 1991).

[6] *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (citing *Castleglen, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993)).

[7] *Woolsey*, 934 F.2d at 1462 (citations omitted).

Untimeliness alone is a sufficient reason to deny leave to amend, especially when the party filing the motion has no adequate explanation for the delay.[8] The Court has the discretion to deny leave to amend for untimeliness or undue delay without a showing of prejudice to the other party after looking to the reasons for the delay and the presence of excusable neglect.[9] If the movant has been aware of the facts on which the amendment is based for some time prior to the motion to amend, the Court may properly deny the motion for failure to demonstrate excusable neglect.[10]

## III.   Discussion

### A.   Untimeliness

Plaintiff asserts in support of her motion to amend that the factual basis for her motion was just discovered by her counsel in connection with documents received and depositions taken in March 2008. She contends that this new evidence, that was not available to Plaintiff until just the few weeks prior to her motion, constitutes good cause to allow her to file an amended complaint. Specifically, Plaintiff alleges that Shari Wilkens, the person claiming to have made the decision to terminate Plaintiff's employment, testified in her March 4, 2008 deposition that her prior testimony in an earlier case filed in the District Court of Johnson County, Kansas styled, *The Greenwood College Center for Professional Development and Lifelong Learning Inc., d/b/a/ SkillPath Seminars v. Bennett*, Case No. 05-CV-03845 ("*Bennett* case") "was a mistake" and that she saw FMLA paperwork for Plaintiff. Plaintiff maintains that Ms. Wilkens' testimony that she saw FLMA

---

[8] *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994).

[9] *Flake v. Hoskins*, Civ. A. 98-2450-KHV, 2000 WL 575051, at *1 (D. Kan. May 2, 2000) (citing *Steinert v. The Winn Group, Inc.*, 190 F.R.D. 680, 683 (D. Kan. 2000)).

[10] *Id.* (citing *Braintree Labs., Inc. v. Nephro-Tech, Inc*., 31 F. Supp. 2d 921, 923 (D. Kan. 1998)).

documents is inconsistent with her *Bennett* testimony.  Plaintiff further alleges that her counsel just became aware in early March 2008, during depositions, of efforts by defense counsel to influence the testimony of Skillpath Seminars' employees to be consistent with Defendants' false claims that Plaintiff never submitted FMLA paperwork, and Defendants were unaware of Plaintiff's shoulder surgery.

Defendants ask the Court to deny Plaintiff's motion to amend complaint, filed on March 12, 2008, based upon her failure to file her motion to amend by the December 3, 2007 deadline required by the Court's Scheduling Order.  They argue that Plaintiff has failed to demonstrate good cause to justify allowing the untimely motion to amend.  Defendants argue that Plaintiff had knowledge of the factual basis underlying her proposed fraud claim since before the December 3, 2007 Scheduling Order deadline for filing motions to amend and, therefore, her delay in seeking the amendment is inexcusable.  According to Defendants, Plaintiff cannot reasonably contend that she only recently discovered this "evidence" or that she was unable to ascertain the basis for her proposed amendment with due diligence.  The evidence that Plaintiff recites consists of deposition testimony.  Defendants dispute that the new evidence referenced by Plaintiff only now reveals Defendants' defenses in this case and alleged inconsistencies between those defenses and the deposition testimony regarding Plaintiff's FMLA claim, including whether Plaintiff requested and submitted FMLA paperwork.

The Court finds that Plaintiff has failed to establish good cause to justify allowing her to file her untimely motion to amend complaint.  Plaintiff has not persuaded the Court that she first discovered the facts giving rise to her proposed fraud count in March 2008.  Plaintiff references inconsistent deposition testimony as the events that triggered her discovery of the facts underlying her proposed fraud claim.  The questions asked by Plaintiff's counsel during the depositions,

5

however, suggest that Plaintiff had at least some knowledge of the factual basis for her fraud claim sometime before the March 2008 depositions. Plaintiff admits in her reply brief that her counsel had suspicions but waited to pursue the proposed fraud claim until after receiving Defendants' discovery responses and taking depositions. She argues that it was reasonable to wait because if she had pursued her fraud claim based on what she knew prior to December 3, 2007, defense counsel would have argued the claim was based on pure speculation, was meant to harass Defendants and their counsel, and undersigned counsel had failed to conduct an adequate investigation of the facts prior to filing the claim. If Plaintiff knew she intended to pursue a fraud claim but was waiting for further verification, she should have sought an extension of the deadline for filing a motion to amend. Plaintiff has not demonstrated good cause for waiting three months after the Scheduling Order deadline to file her motion to amend complaint to add a fraud count.

### B. Prejudice

Defendants also contend that Plaintiff's proposed amendments are prejudicial to them given the late nature of the motion. They argue that they will be prejudiced by Plaintiff's late attempt to add an additional claim and allegation against them because Plaintiff has failed to include specific details to support her fraud claim, thus leaving Defendants without adequate knowledge or notice of the various allegations which Plaintiff claims will support the elements of the proposed fraud claim. This failure to plead fraud with sufficient detail to apprise Defendants of the nature of Plaintiff's proposed fraud claim exhibits the prejudice the proposed amendment will inflict on them.

Plaintiff argues that Defendants cannot show any prejudice by allowing Plaintiff to file her amended complaint. Defendants have already moved the Court to continue the trial date in this case. In addition, Defendants have known throughout this case that Plaintiff would be challenging the

reason for Plaintiff's termination.  She further argues that although the basis for her claim of fraud derives from conduct and facts she learned shortly before the discovery deadline, the conduct and facts are consistent with the basic premise of the allegations in Plaintiff's original Petition, namely that Defendants fabricated the reason for Plaintiff's termination in order to cover up their FMLA interference and retaliation.  She further disputes Defendants' complaint of a lack of specificity in the proposed fraud claim in light of the very specific and detailed memorandum in support of her motion to amend filed.  She asserts that Defendants and their legal counsel are in the best position of knowing the details and specificity of their fraudulent misrepresentations.

The Court has carefully reviewed the pleadings and finds that the danger of prejudice to Defendants outweighs the dictate of Fed. R. Civ. P. 15(a) that leave "should freely give leave when justice so requires."  Even with the liberal standard toward granting motions to amend, Plaintiff's untimely motion to add a new fraud count on facts that she arguably knew in months prior comes too late in this case.  Discovery has closed, the Pretrial Conference has already been held, the Pretrial Order entered, the parties have filed motions for summary judgment, and the case is currently set on a trial docket beginning October 6, 2008.  Allowing Plaintiff to amend her Complaint to add a new fraud count at this late stage will cause prejudice to Defendants.  The late amendment is prejudicial because Defendants have defended this case and conducted discovery to date based on Plaintiff's allegations that Defendants violated her FMLA rights, and civilly conspired to terminate her employment in retaliation for her exercise of her FMLA rights.  Plaintiff now seeks to add the unrelated claim of fraud based on the alleged actions of Defendants and their counsel during the litigation of the *Bennett case* and in this case.  Allowing the proposed amendment would require that discovery be re-opened regarding this newly added fraud count.  The Pretrial Order

would also need to be amended and the October 2008 trial setting continued.  It may require the filing of another round of dispositive motions.  The Court, therefore, exercises its discretion in this matter and denies Plaintiff's Motion to Amend Complaint.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion to Amend Complaint (doc. 120) is denied, as set forth herein.

Dated in Kansas City, Kansas on this 20th day of May, 2008.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge
