IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JULIE WHITE,                                        )
                                                    )
           **Plaintiff,**                             )
                                                    )
v.                                                  )
                                                    )   No. 07-2319-CM
                                                    )
THE GRACELAND COLLEGE CENTER                        )
FOR PROFESSIONAL DEVELOPMENT &                      )
LIFELONG LEARNING, INC. d/b/a                       )
SKILLPATH SEMINARS, INC.,                           )
SHARON WILKENS, LAUREN EZELL,                       )
and PATTI HOVLAND-SAUNDERS,                         )
                                                    )
           **Defendants.**                           )
                                                    )

## MEMORANDUM AND ORDER

Plaintiff Julie White brings this action against defendants The Graceland College Center for Professional Development and Lifelong Learning, Inc., d/b/a Skillpath Seminars, Sharon Wilkens, Lauren Ezell, and Patti Hovland-Saunders. The case is before the court on defendants' Motion to Dismiss or, In the Alternative, for Partial Summary Judgment on Plaintiff's Conspiracy Claim (Doc. 145), and plaintiff's Motion for Summary Judgment as to certain Defenses raised by Defendant (Doc. 147). For the following reasons, the court grants defendants' motion, dismisses plaintiff's conspiracy claim, and denies plaintiff's motion for summary judgment.

**I.    Background**

Plaintiff filed this case in the District Court of Johnson County Kansas, alleging that defendants terminated plaintiff's employment in violation of the Family and Medical Leave Act ("FMLA") and public policy of the State of Kansas—creating a "state law wrongful discharge"

claim. Additionally, plaintiff alleges that defendants Wilkens, Ezell, and Hovland-Sanders civilly conspired to terminate plaintiff to deny her rights under the FMLA and out of retaliation for the exercise of FMLA rights.

## II.    Standards for Judgment

Defendants argue that plaintiff's civil conspiracy claim should be dismissed under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, under Rule 56.

### A.    Motion to Dismiss

This court will grant a Rule 12(b)(6) motion to dismiss only when the factual allegations fail to "state a claim to relief that is plausible on its face . . . or when an issue of law is dispositive." *Meyer v. Christie*, No. 07-2230-JWL, 2007 WL 3120695, at *4 (D. Kan. Oct. 24, 2007) (citing *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007); *Neitzke v. Williams*, 490 U.S. 319, 326 (1989)). "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984). The court construes any reasonable inferences from these facts in favor of the plaintiff. *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006). The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982).

### B.    Summary Judgment

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Adler v. Wal-Mart Stores, Inc.*, 144

F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

### III. Defendants' Motion to Dismiss or, In the Alternative, for Partial Summary Judgment on Plaintiff's Conspiracy Claim

Defendants urge this court to dismiss plaintiff's conspiracy claim because it is not based on a valid underlying tort. This court previously ruled that, because plaintiff has an adequate remedy under the FMLA, plaintiff is precluded from bring a common law wrongful discharge claim based on retaliation for exercise of FMLA rights. *See Julie White v. The Graceland College Center For Professional Dev. & Lifelong Learning, Inc., et al.*, No. 07-2319-CM, 2008 WL 191422, at *4 (D. Kan. Jan. 22, 2008) (citing *Deffenbaugh v. Winco Fireworks Int'l, LLC*, No. 06-2516-CM, 2007 WL 2729428, at *1–*2 (D. Kan. Sept. 18, 2007); *Conner v. Schnuck Mkts., Inc.*, 121 F.3d 1390, 1399 (10th Cir. 1997); *Goodman v. Wesley Med. Ctr., L.L.C.*, 78 P.3d 817, 824 (Kan. 2003)). Therefore, defendants argue, there is no "valid, actionable underlying tort" upon which to base a claim of civil conspiracy.

However, plaintiff also bases her civil conspiracy claim on the denial of her rights under the FMLA. This motion requires the court to determine whether the alleged violation of a statutorily-created claim, such as under the FMLA, can serve as the basis for a civil conspiracy claim.

Defendant argues that it cannot, citing *Meyer Land & Cattle Co. v. Lincoln County Conservation District*, 31 P.3d 970, 977 (Kan. Ct. App. 2001) ("[F]or civil conspiracy to lie, the claim must base itself on a valid, actionable underlying tort."); and *State ex rel. Mays v. Ridenhour*, 811 P.2d 1220, 1228 (Kan. 1991) ("liability for civil conspiracy depends on performance of some underlying tortious act."). *See also Meyer v. Christie*, No. 07-2230-JWL, 2007 WL 3120695, at *6 (D. Kan. Oct. 24, 2007) ("This court has carefully considered this issue previously and has predicted

that the Kansas Supreme Court would require that a civil conspiracy claim be predicated on a valid, actionable underlying tort . . . .").

Plaintiff argues that it can, citing *Stoldt v. City of Toronto*, 678 P.2d 153, 162 (Kan. 1984) (noting that proof of a violation of a Kansas statute would support a cause of action for civil conspiracy, regardless of recovery, if the violation produces an unlawful result; termination of employment here, although accomplished by unlawful means, was not an unlawful result, therefore the civil conspiracy claim was unsupported). *See also Heartland Surgical Specialty Hosp., LLC v. Midwest*, 527 F. Supp. 2d 1257 (D. Kan. 2007) ("The unlawful act [underlying a civil conspiracy claim] may be an actionable violation of a Kansas statute or an actionable tort independent of the conspiracy."); *Lynch v. Southwestern Bell Telecommunications, Inc.*, No. 91-2309-V, 1992 WL 25214, * 2 (D. Kan. Jan. 31, 1992) (noting that the unlawful act may be an independent actionable tort or an actionable violation of a Kansas statute, citing *Stoldt*).

Although both parties offer support for their positions, the Kansas Supreme Court has not explicitly addressed the question of whether the violation of a federal law such as FMLA can serve as the underlying wrong for a civil conspiracy claim. However, subsequent decisions have interpreted *Stoldt* as requiring commission of an underlying *tort*. *Pepsi-Cola Bottling Co. v. PepsiCo, Inc.*, 431 F.3d 1241, 1268 (10th Cir. 2005) (upholding district court's dismissal of civil conspiracy claim where plaintiff alleged "no actionable tort"); *NL Indus., Inc. v. Gulf & W. Indus. Inc.*, 650 F. Supp. 1115, 1131 (D. Kan. 1986) (dismissing civil conspiracy claim where overt acts alleged did not constitute actionable torts).

This court has previously predicted that the Kansas Supreme Court would require that a civil conspiracy claim be predicated on a "valid, actionable underlying tort" rather than, for instance, on a mere breach of contract claim. *See JP Morgan Trust Co. Nat'l Ass'n v. Mid-Am. Pipeline Co.*, 413

-4-

F. Supp. 2d 1244, 1268– 69 (D. Kan. 2006); *see also Meyer v. Christie*, No. 07-2230-JWL, 2007 WL 3120695, at *6 (D. Kan. Oct. 24, 2007); *Petroleum Energy Inc. V. Mid-America Petroleum, Inc.*, 775 F. Supp. 1420, 1429 (D. Kan. 1991); *Kirk v. Nat'l Carriers, Inc.*, Case No. 05-1199-MLB, 2006 WL 618136, at *5 (D.Kan. Mar.10, 2006).

And this court has specifically rejected attempts to characterize alleged violations of the FMLA as tort claims. *See, e.g., Gearhart v. Sears, Roebuck & Co.*, 27 F. Supp. 2d 1263, 1278 (D. Kan. 1998); *Lange v. Showbiz Pizza Time, Inc.*, 12 F. Supp. 2d 1150, 1154-55 (D. Kan. 1998); *Lines v. City of Ottawa*, No. 02-2248-KHV, 2003 WL 21402582, at *10 (D. Kan. June 16, 2003); *Day v. Excel Corp.*, No. 94-1439-JTM, 1996 WL 294341, at *13 (D. Kan. May 17, 1996).

This court concludes, after careful consideration, that an FMLA violation does not constitute an actionable underlying tort upon which a civil conspiracy claim may rest. Because plaintiff's complaint does not allege that defendants committed a separately actionable tort, the court will grant the defendants' motion to dismiss plaintiff's civil conspiracy claim without reaching defendant's second argument. Based on this ruling, the court also grants defendants' request to dismiss plaintiff's claim for punitive damages, which are not among the remedies available under the FMLA. See 29 U.S.C. § 2617.

**III.   Plaintiff's Motion For Summary Judgment On Certain Defenses**

Plaintiff argues she is entitled to summary judgment as to certain defenses raised by defendants, specifically, defendants' defenses that (1) laches bars plaintiff's claim; (2) her recovery is barred or limited by the doctrine of after-acquired evidence; and (3) the individual defendants are not proper defendants as to FMLA claims because they are not "employers" as defined by the FMLA. (Doc. 148.) One of the purposes of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

### A. Laches

"In order to prove the affirmative defense of laches, the defendant must demonstrate that there has been an unreasonable delay in asserting the claim and that the defendant was materially prejudiced by that delay." *Hutchinson v. Pfeil*, 105 F.3d 562, 564 (10th Cir. 1997). Plaintiff notes that, generally, unless there has been an unreasonable delay in asserting a claim and that delay materially prejudices defendant, the defense of laches is unavailable when the claims at issue were filed within the applicable statute of limitations. *United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1208 (10th Cir. 2001). However, it is possible that a statute of limitations can be cut short by the doctrine of laches. *Armstrong v. Maple Leaf Apartments, Ltd.*, 622 F.2d 466, 472 (10th Cir. 1979).

Plaintiff was informed that her employment was terminated on June 16, 2004, and she filed this action on June 16, 2007. Even assuming without deciding that the three-year rather than two-year statute of limitations applies to plaintiff's FMLA claim, *see* 29 U.S.C. § 2617(c)(1), (2), there is a genuine issue of material fact concerning whether plaintiff's three-year delay between the time her employment was terminated and the time she filed this action was reasonable. There is also dispute concerning whether the delay prejudiced defendant. The court finds that these questions of fact preclude summary judgment on the defense of laches. *See Jacobsen v. Deseret Book Co.*, 287 F.32d 936, 949 (10th Cir. 2002).

### B. After-Acquired Evidence

In order to succeed on the affirmative defense of after-acquired evidence, defendants must establish that (1) plaintiff was guilty of some misconduct of which defendants were unaware at the time plaintiff was discharged; (2) the misconduct would have justified discharge; and (3) if defendants had known of the misconduct, the employer would have discharged plaintiff. *See McKennon v. Nashville Banner Pub. Co.*, 513 U.S. 352, 362–63 (1995); *Riddle v. Wal-Mart Stores,*

*Inc.*, 998 P.2d 114, 120 (Kan. Ct. App. 2000). Plaintiff alleges that defendants are unable to show they were unaware of plaintiff's alleged misconduct, and that defendants are therefore not entitled to raise the defense of after-acquired evidence.

According to plaintiff, a great deal of evidence establishes that defendants were "well aware" of plaintiff's alleged misconduct at the time they terminated her employment. Indeed, defendants acknowledge that, at the time plaintiff was terminated, they were aware of multiple, specific instances of misconduct. However, defendants allege it was only after plaintiff's termination in June 2004, that defendants discovered other misconduct committed by plaintiff during her employment that was previously unknown to them. Defendants argue these later-discovered failures would have justified termination. Based on the foregoing, the court finds there are factual disputes concerning the merits of defendants' after-acquired evidence defense that preclude summary judgment.

**C.     Whether the individual defendants are "employers" under the FMLA**

Plaintiff asserts that, because this defense did not appear in defendants' original answer, (Doc. 3), or in the defenses set forth in the Pretrial Order, (Doc. 142), defendants are precluded from raising this defense now. While plaintiff may be generally correct about the waiver doctrine's impact on affirmative defenses, the court is not convinced that defendants' position on whether the individual defendants are "employers" falls under the category of an "affirmative defense." Fed. R. Civ. P. 12(h).

As defined in the Family and Medical Leave Act of 1993, 29 U.S.C.A. § 2611 (4)(A)(I)–(ii), the term "employer" means "any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year" and includes "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer."

The FMLA regulations provide that this definition applies to "individuals such as corporate officers acting in the interest of an employer." 29 C.F.R. § 825.104(d).

The individual defendants assert that they are not subject to FMLA liability because they are not employers under the FMLA. Under the FMLA, the term "employer" includes "any person who acts, directly or indirectly, in the interest of the employer to any of the employees of such employer." 29 U.S.C. § 2611(4)(A)(ii)(I). There are issues of fact that must be resolved in order to determine whether the individual defendants had sufficient responsibility or stature within Skillpath Seminars to warrant the imposition of personal liability under the FMLA. *See Williamson v. Deluxe Fin. Servs., Inc.*, No. 03-2538-KHV, 2005 WL 1593603, at* 9 (D. Kan. July 6, 2005) (citing *e.g.*, *Brunelle v. Cytec Plastics, Inc.*, 225 F. Supp. 2d 67 (D. Me. 2002) (holding that front-line supervisor who was personally responsible for decisions that contributed to the denial of FMLA leave was not a prominent enough player in employer's operations to be considered an "employer" under FMLA)).

Although plaintiff attempts to characterize this as an affirmative defense that defendants waived by failing to raise in their original answer, the question of whether the individual defendants meet the definition of "employer" as set out in the FMLA is an essential element of plaintiff's claim, which is disputed. Moreover, the parties recognize that this is a fact in dispute as set out in the pretrial order, (Doc. 142 ¶ 8(h)), and was specifically raised in defendants' answer to plaintiff's first amended complaint, filed after the entry of the pretrial order. (Doc. 154 ¶¶ 40–41.) Summary judgment is not appropriate.

**IT IS THEREFORE ORDERED** that defendants' partial motion to dismiss (Doc. 145) is granted.

**IT IS FURTHER ORDERED** that plaintiff's claim for punitive damages is dismissed.

**IT IS FURTHER ORDERED** that plaintiff's motion for partial summary judgment (Doc.

-9-

147) is denied.

      Dated this 4th day of September 2008, at Kansas City, Kansas.

                                        **s/ Carlos Murguia**
                                        **CARLOS MURGUIA**
                                        **United States District Judge**