#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF KANSAS

JULIE WHITE,

        Plaintiff,

v.

THE GRACELAND COLLEGE
CENTER FOR PROFESSIONAL
DEVELOPMENT & LIFELONG
LEARNING, INC.,
d/b/a SKILLPATH SEMINARS,
et al.,

        Defendants.

CIVIL ACTION

No. 07-2319-CM

### **ORDER**

On September 25, 2008, the Court conducted a telephone motion hearing on Plaintiff's Motion to Compel Defendants to Comply With Court Order on Plaintiff's First Document Request 29 (doc. 197), and Plaintiff's Second Motion to Compel Defendant to Comply with Court's August 7, 2008 Order (doc. 220). Plaintiff appeared through counsel, Patrick G. Reavey. Defendants appeared through counsel, Douglas M. Weems and J. Nick Badgerow. This Order memorializes and supplements the Court's rulings at the motion hearing.

(1) Plaintiff's Motion to Compel Defendants to Comply With Court Order on Plaintiff's First Document Request 29 (doc. 197) is granted in part and denied in part. Defendants shall either serve a supplemental response admitting that Plaintiff's shoulder injury or condition qualified as a serious health condition pursuant to the FMLA, or produce all requests, and any documents indicating approval or denial, for FMLA leave by any SkillPath employee within the last 5 years. If Defendants elect to serve a supplemental response, such response shall be served within **ten (10) days of this Order**.

(2)     Plaintiff's Second Motion to Compel Defendant to Comply with Court's August 7, 2008 Order (doc. 220) is granted in part and denied in part as follows:

(a)     Plaintiff's request for an order compelling Defendants to produce emails and attachments in their native electronic format with metadata intact is denied without prejudice pending Plaintiff obtaining a computer expert to advise on the issue.

(b)     Plaintiff's request for additional time to retain an expert to analyze the electronic documents produced by Defendants, and, if necessary, to designate such expert as a witness to testify at trial is granted.  Plaintiff shall have **thirty (30) days from the date of this Order** to retain such an expert and to serve her expert disclosures required by Fed. R. Civ. P. 26(a)(2). Defendants shall have **thirty (30) days after service** of Plaintiff's expert disclosures to serve their expert disclosures. The parties shall have until **January 30, 2009** to conduct any discovery relating to Plaintiff's expert. Granting this request will necessitate continuing the trial to a docket beginning on **March 2, 2009 at 1:30 p.m.**

(c)     Plaintiff's request for an order compelling Defendants to re-produce previously-produced personnel files with Post-it notes attached for Plaintiff's review is granted. **Within thirty (30) days from the date of this Order**, Plaintiff shall provide Defendants with a list of the previously-produced personnel files she seeks to review. **Within thirty (30) days of receipt of Plaintiff's list**, Defendants shall produce the files, in the form they are ordinarily maintained, for review and inspection by Plaintiff's counsel and staff.

(d)     Plaintiff's request for an order compelling Defendants to produce personnel files responsive to Plaintiff's First Document Request No. 27 for the five year time period preceding the date of the request is found to be moot.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion to Compel Defendants to Comply With Court Order on Plaintiff's First Document Request 29 (doc. 197) is granted in part and denied in part, as set forth herein.

**IT IS FURTHER ORDERED THAT** Plaintiff's Second Motion to Compel Defendant to Comply with Court's August 7, 2008 Order (doc. 220) is granted in part and denied in part, as set forth herein.

**IT IS FURTHER ORDERED THAT** each party shall bear its own fees and expenses incurred in connection with the motions to compel.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 25th day of September, 2008.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge
