**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

JULIE WHITE,

    Plaintiff,

            CIVIL ACTION

v.

            No. 07-2319-CM

THE GRACELAND COLLEGE
CENTER FOR PROFESSIONAL
DEVELOPMENT & LIFELONG
LEARNING, INC.,
d/b/a SKILLPATH SEMINARS,
et al.,

    Defendants.

## ORDER

On September 17, 2009, the Court conducted a telephone status conference regarding electronically-stored information compelled by the Court's March 18, 2009 Order. Plaintiff appeared through counsel, Patrick G. Reavey. Defendants appeared through counsel, Douglas M. Weems and J. Nick Badgerow. This Order memorializes and supplements the Court's rulings at the status conference.

(1) The following shall be completed by **October 1, 2009**:

  (a) Defendants shall produce to Plaintiff the data set, limited to the 2003-04 time period, obtained from the results of Defendants' de-duplication process. Defendants shall also provide their computer expert and technician used for the de-duplication process to explain and describe this process, including the technique and criteria used by the process, to Plaintiff's expert.

  (b) The respective computer experts of the parties shall meet to determine an agreed set of search terms for searching the Sullivan PST data set to locate

        the three emails referenced in the Amended Declaration of Jason Spainhour (doc. 314-2), and a search using such terms, with both experts present, shall be conducted and the results delivered to Defendants' counsel for an immediate, on-the-spot review for privilege or other legal protection. Any documents withheld on the basis of privilege or other legal protection will be identified on a privilege log. All other search results will be immediately provided to Plaintiff's counsel. In addition, the experts shall confer regarding the adequacy of Defendants' search of the Hovland-Saunders' hard drive for the termination document.

(c) Defendants shall produce to Plaintiff the notice of litigation hold used at the outset of *this* case. The parties have agreed that such production shall not operate as a waiver of Defendants' claims of attorney-client privilege or work product. Defendants will check to confirm that there was no litigation hold in the *Bennett* case, and, if there was no such hold, Defendants shall certify such to Plaintiff.

(2) By **October 8, 2009**, Plaintiff may serve amended expert disclosures.

(3) By **October 15, 2009**, Defendants may serve amended expert disclosures in response to Plaintiff's amended disclosures, and in accordance with Fed. R. Civ. P. 26(a)(2).

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 18th day of September, 2009.

                                            s/ David J. Waxse
                                            David J. Waxse
                                            United States Magistrate Judge